## JAMES BAIRD v. THE STATE OF TEXAS.

1. The permission given by the law for one to bear arms "on his or her own premises, or at his or her own place of business," will not authorize the carrying of deadly weapons in the woods while hunting stock.

2. The "place of business" contemplated by the act has reference to some particular locality, appropriated exclusively to a local business ; such as the farm, the store, the shop, or dwelling place.
3. Unless it appear affirmatively from the record that the jury was sworn on the trial in the court below, the judgment will be reversed.

APPEAL from Polk. Tried below before the Hon. Henry C. Pedigo.

*James E. Hill*, for appellant.

*Attorney-General*, for the State.

OGDEN, P. J.—There appears to be no controversy about the facts of this case, which are briefly as follows : The appellant, in December, 1872, was out in the woods, with two of his neighbors, hunting hogs; and during the day, and while out in the woods, the appellant drew from a scabbard beneath his coat a pistol, and dried it by the fire, and then put it back in the scabbard.

The only question for determination now is, do the foregoing facts establish a violation of the act of April 12, 1871, entitled "An Act to regulate the keeping and bearing of deadly weapons." The constitutionality of that act being admitted, its beneficial effects upon society have been quite fully demonstrated and placed almost beyond question. But while it is generally conceded that the execution of that law, in the spirit, and for the purposes intended by the law-making power, would greatly conduce to the peace and quiet of the citizens of the State, yet it must also be admitted that any attempt to prostitute that law from the purposes for which it was enacted into an instrument of oppression to annoy and harass any peaceful and law-abiding citizen, would greatly tend to bring that law into disfavor, and create and stimulate a demand for its repeal. It is, therefore, but just and reasonable that this law, as well as all others, should be

executed in the spirit intended, for the good of the citizens generally, and not as a snare to entrap the unwary who intend no wrong, and believe they are exercising only their legitimate or inalienable rights.

But it should be remembered that no human law enacted for the government of society can be so perfect as not to work a real or apparent injury or wrong to some one individual, and when such a case arises every good citizen should cheerfully submit to a faithful execution of a beneficial law, notwithstanding it becomes a seeming hardship upon him.

The indictment in this case is clearly sufficient to charge the offense intended, and clearly charges a violation of the statute, and we have failed to discover the defects complained of in the general terms used.

The appellant claims that when "seen with a pistol he was in the woods where he usually hunted hogs every winter or fall, and that therefore those woods were his place of business, and that he had a right under the statute to carry a pistol in the woods while hunting hogs." We think the Legislature never intended that so general and extended an interpretation should be placed upon the phrase, "at his or her own place of business;" for if such be the construction, then every man could very plausibly set up the right to keep and bear arms on every occasion, for he could always claim to be at his own business, whether hunting hogs or cattle, or whether going from one neighbor or town to another ; and even he who makes it a business to appropriate other people's property to his own use, might claim the right to bear arms to protect that business. Such was clearly not the legislative intent, nor was it the legislative intent to include in the phrase "on his or her own premises," wild and uninclosed timber or prairie lands, wholly detached from an enclosed field or premises. The place of busi-

ness contemplated by the law evidently has reference to a particular locality, appropriated exclusively to a local business, such as the farm, the store, the shop, or dwelling place, and the business such only as is usually carried on upon that farm, in the store or shop, or other appropriated local place. The woods or prairie, or even the public roads, can in no proper sense be termed any man's place of business, since he has no right to an exclusive appropriation. We are therefore clearly of the opinion that hunting hogs in a wild and uninclosed country, or portion of the country, not such a place as would entitle a man to carry a pistol upon his person.

But it is contended that the prosecution failed in not proving that the woods in which appellant hunted hogs was not his own premises. The statute, in the first clause of the first section, prohibits all persons from having about their person certain specified weapons, but adds a proviso in favor of certain individuals; and if a party wishes to claim the benefit of the proviso, he must avail himself of it as a matter of defense.

The fact that a person has the right to bear arms is peculiarly within his own knowledge and power of proof; whereas it might be extremely difficult, and oftentimes impossible, for the State to prove the negative. It would be absurd to say that the State, in order to sustain this prosecution, should prove that the woods where appellant hunted hogs were not his premises, since no one but appellant himself would be likely to know that fact so as to swear to it; but it would have been very easy for appellant to establish the fact of ownership, if true. But there is a material error in the judgment of the lower court, as appears from the transcript of the record. In Nels v. The State it is said: "It nowhere appears of record that the jury who tried the prisoner were sworn. This, in our opinion, is a fatal defect in the record of con-

viction." In the case at bar it does not appear affirma-
tively from the record that the jury were sworn, and
upon the authority referred to, supported by all elemen-
tary writers, we must hold the judgment fatally defective,
and for this reason the judgment is reversed and the
cause remanded for further proceedings.

REVERSED AND REMANDED.