## T. E. BERRY *v.* THE STATE.

1. REFUSAL TO SWEAR TO TAX-LIST — INDICTMENT.— Article 113 of the Penal Code, whereby penalties are provided for persons who refuse to render their property for assessment, or to swear to the list rendered, etc., must be construed in connection with the provisions of the Civil Statutes which prescribe the duties in this regard of all owners and holders of taxable property. Therefore an indictment based on said article 113 should allege the year for which the defendant's taxable property was assessable.

2. JURY — OATH.— The record on appeal must show that the jury were sworn.

APPEAL from the County Court of Collin. Tried below before the Hon. T. C. GOODNER, County Judge.

*P. B. Muse* and *M. H. Garnett,* for the appellant.

*Horace Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. Omitting the formal facts, we find the offense set forth in the indictment in the following language, viz.: "That Thomas E. Berry, late of the county of Collin, on or about the 7th day of May, in the year of our Lord one thousand eight hundred and eighty, with force and arms, in the county of Collin and State of Texas, did then and there unlawfully and wilfully fail and refuse to qualify to the truth of his statement of taxable property, when called upon in person by the assessor of taxes for Collin county, Texas, to qualify to said statement; said Berry being then and there called upon in person by W. G. Barnes, being then and there assessor of taxes for Collin county in the State of Texas, duly elected and qualified, and acting as said officer, said Berry being then and there a citizen of said county and subject to assessment for taxes therein; contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

The statute upon which this indictment was brought provides that, "if any person shall refuse to make out and render a list of his taxable property when called upon in person by the assessor of taxes or his deputy, or shall fail or refuse to qualify to the truth of his statement of taxable property, or shall fail or refuse to subscribe to any oath or affirmation required by law in the rendition of taxable property, he shall be fined in any sum not less than twenty nor more than one thousand dollars." Penal Code, art. 113.

This statute must necessarily be taken and construed in connection with art. 4680 of the Revised Statutes, which declares that "each person required by law to list property shall make and sign a statement, verified by his oath as required by law, of all property both real and personal in his possession or under his control, and which he is required to list for taxation either as owner or holder thereof, or as guardian, parent, trustee, executor, administrator, receiver, accounting officer, partner, agent, or factor."

The indictment as above set out, we are of opinion, is fatally defective in that it does not allege the year for which the statement of the defendant's taxable property was required to be made out, to the truth of which he failed and refused to qualify. The statute requires that "all property shall be listed for taxation between January 1st and June 1st of each year, when required by the assessor, with reference to the quantity held or owned on the first day of January in the year for which the property is required to be listed or rendered." Revised Statutes, art. 4674. But we are not informed by allegations in the indictment, except inferentially, that the statement of his taxable property, which defendant refused to verify by affidavit, was for the year 1880. This allegation was essential.

It appears to us that the proper mode of stating the

charge would have been substantially, that the said Berry, having taxable property, and being a person required by law to render a list and statement of the taxable property owned and possessed by him on the 1st day of January, 1880, and having made and rendered said statement, failed and refused to qualify to the truth of the same when called upon in person by the assessor or his deputy to do so. This would have met the demands of the statute, and have left nothing to inference or intendment. These facts were all necessary to be proven, and it is expressly provided that "everything should be stated in an indictment which it is necessary to prove." Code Crim. Proc. art. 421.

But, even if the indictment were good, there is another error for which the judgment would be reversed. The record fails to show that the jury which tried the case were ever sworn. This it must do affirmatively, as has been repeatedly held. *Nels* v. *State,* 2 Texas, 280; *Baird* v. *State,* 38 Texas, 599; *Cannon* v. *State,* 5 Texas Ct. App. 34; *Kennon* v. *State,* 7 Texas Ct. App. 326; *Howard* v. *State,* 8 Texas Ct. App. 612.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*