[No. 1438.]

ADAM KELLY v. THE STATE.

1. PRACTICE—JURY LAW.—A conviction cannot stand when the transcript fails to show that the jurors who tried the case were sworn.

2. PRACTICE—EXTRADITION—PLEA TO JURISDICTION.—In the trial of a case where the defendant was extradited from the Republic of Mexico for an offense covered by the treaty between that government and the United States, and the proceedings upon which the requisition was obtained did not appear to have been fraudulent or wrongful, and the defendant was placed upon trial on an indictment charging the offense for which he was extradited, a plea to the jurisdiction of the trial court was properly overruled.

3. SAME.—This case is distinguished from *Blandford* v. *The State*, 10 Texas Court of Appeals, 627.

APPEAL from the District Court of Maverick. Tried below before the Hon. T. M. Paschal.

· The indictment in this case charged the appellant and George W. Harlan, jointly, with the theft of one certain head of neat cattle, the property of some person unknown. The venue was laid in Maverick county, and the date of the offense was alleged to be the twentieth day of July, 1882. Both of the parties were embraced in the trial, which resulted in the acquittal of Harlan, and the conviction of the appellant, with a three years term in the penitentiary assessed as punishment.

The substance of the plea to the jurisdiction of the court below was, that they were arrested in the State of Coahuila, Republic of Mexico, under a warrant issued by one F. G. Sepulveda, Mexican extradition agent, charging them with the theft of cattle in Maverick county, Texas, which warrant was based upon a requisition issued by the Hon. Thomas M. Paschal, extradition agent of the United States, for the twenty-fourth judicial district of Texas, under the commission of the Governor of Texas, which requisition was, in turn, based upon a warrant issued by one Theodore Terry, a justice of the peace in and for precinct number one, Maverick county, Texas, charging the defendants with the same offense as that recited in the warrant issued by the Mexican extradition agent, and which, under the

existing treaty between the United States and Mexico, was an extraditable offense. That in truth and in fact, at the time of the issuance of the said warrant by Theodore Terry, justice of the peace as aforesaid, and at the time of the issuance of the requisition by the Hon. Thomas M. Paschal, extradition agent of the United States as aforesaid, and at the time of their arrest under the warrant of the Mexican extradition agent as aforesaid, there was no charge of theft pending against them, or either of them, in said justice's court, nor in any other court in said Maverick county, Texas; but that there were pending against them in said justice's court two charges, to-wit: one, charging these defendants with wilfully taking into their possession, and driving, using and removing from its accustomed range, one certain steer (branded with a double, instead of a single designated brand as set out in the warrants and requisition), without the consent of the owner, and with intent to defraud the owner; and another, charging the defendant, Adam Kelly, with removing the hide from a certain steer (brand and mark specified), the same not being the property of the said Adam Kelly, and done without the consent of the owner; neither of which two said offenses charged against the defendants were extraditable under the treaty of extradition between the governments of the United States and Mexico. Wherefore the defendants alleged that the warrant issued by Theodore Terry, justice of the peace as aforesaid, was false and fraudulent, and untrue in fact, and intended and contrived to, and did deceive the Hon. Thomas M. Paschal, extradition agent as aforesaid, and procured from him the requisition aforesaid, to the great injury of the defendants, to the abuse of the treaty aforesaid, to the imposition upon the authorities of the Mexican government, and to the reproach of the government of the United States. Wherefore the defendants averred that the district court of Maverick county had no legal jurisdiction to try this cause.

The motion for new trial assailed the action of the court in overruling the defendant's plea to the jurisdiction of the court, which is the subject of one of the rulings of this court; the sufficiency of the evidence to sustain the verdict, and the action of the court in excluding certain testimony offered; neither of which last questions are involved in the rulings of this court.

*Ware & Kelso*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WILLSON, J. The record in this case fails to show that the jurors who tried the case were sworn. Repeated decisions of the Supreme Court of this State, and of this court, declare such an omission to be fatal to the conviction. (*Nels* v. *The State*, 2 Texas, 280; *Baird* v. *The State*, 38 Texas, 599; *Cannon* v. *The State*, 5 Texas Ct. App., 34; *Kennon* v. *The State*, 7 Texas Ct. App., 326; *Howard* v. *The State*, 8 Texas Ct. App., 612; *Berry* v. *The State*, 10 Texas Ct. App., 315.)

We are of the opinion that the defendant's plea to the jurisdiction was properly overruled. The defendant was extradited from Mexico for the offense of theft of cattle, and was tried for and convicted of that offense. There appear some irregularities in the proceedings had to obtain the requisition, but it does not appear that the extradition was fraudulently or wrongfully obtained, or that it was in violation of the treaty between the United States and Mexico. The case is essentially different from *Blandford* v. *The State*, 10 Texas Ct. App., 627.

Because the record does not show that the jury was sworn, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 11, 1882.