## THE STATE v. ROBERT B. McKINNEY, Appellant.

**Division Two, June 8, 1909.**

1. **APPEAL: No Bill of Exceptions.** Where no bill of exceptions was filed, no matter of exception can be considered by the Supreme Court, on appeal, but the court is necessarily restricted to a consideration of what appears from the record proper.

2. **JURY NOT SWORN.** Where it appears that a jury of twelve men were called to try defendant charged with an assault with intent to kill, that they did so, and returned a verdict finding him "guilty of an assault to do great bodily harm, without malice," and assessing his punishment at a fine of one hundred dollars, but it does not appear from the record that the jury were sworn, the judgment will be reversed and the cause remanded. The statute specifically requires the jury to be impaneled and sworn before trial; and if the record proper on appeal fails to show that the jury were sworn, the judgment cannot stand.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED AND REMANDED.

*Elliott W. Major*, Attorney-General, and *James T. Blair*, Assistant Attorney-General, for the State.

The necessity of compliance with the common law requirements as to swearing the jury was recognized in State v. Schoenwald, 31 Mo. 159; State v. Tem-

ple, 194 Mo. 241. If the oath is required by the constitutional guaranty referred to, and is a necessary
prerequisite to the incorporation of the jury into and
as a part of the trial machinery, then a verdict by an
unsworn jury would seem to be a nullity, and cases so
holding are not lacking.

BURGESS, J.—The defendant was found guilty
"of assault to do great bodily harm, without malice,"
and his punishment assessed at a fine of one hundred
dollars, under an information filed by the prosecuting
attorney of Texas county in the circuit court thereof,
charging the defendant with an assault with intent
to kill. After unsuccessful motions for new trial and
in arrest of judgment, defendant appealed.

The defendant is not represented in this court.
As no bill of exceptions was filed, no matter of exception can be passed upon by us, so that in passing upon
this appeal we are necessarily restricted to what appears from the record proper. From this it does not
appear, as it should, that the jury was sworn to try
the cause. It does show that a jury of twelve men
were called to try the case, that said jury did so, and
returned a verdict finding the defendant guilty of an
assault to do great bodily harm, without malice, and
fixing his punishment at a fine of one hundred dollars.

Among the first things required by the statute
(Sec. 2627, R. S. 1899) to be done in the trial of a criminal case before a jury is that the jury be impaneled
and sworn. This same question underwent full consideration, and the authorities were extensively reviewed by GANTT, J., in the recent case of State v. Mitchell, 199 Mo. 105, in which it is held that if the record
proper in a criminal case fails to show that the jury
was sworn to try the cause, the judgment will be reversed and the cause remanded. That case is decisive
of the case at bar, and leaves nothing further to be

said upon the subject.   The judgment is reversed, and the cause remanded.

All concur.