THE STATE v. McL. DELANEY, Appellant.

Division Two, May 20, 1913.

1. **BILL OF EXCEPTIONS: Not Reviewable When Motion for New Trial not in Record.** Where the bill of exceptions shows a direction to the clerk to copy the motion for a new trial, but the motion is copied neither in that part of the record designated as the bill of exceptions nor in that portion of the transcript known as the record proper, there is nothing before the Supreme Court for review except the record proper.

2. **SWEARING JURY: Not Shown by Record.** Where the record proper fails to show that the jury was sworn to try the cause, the case will be reversed and remanded.

Appeal from Dunklin Circuit Court.—*Hon. Charles B. Faris,* Judge.

REVERSED AND REMANDED.

*T. R. R. Ely, J. L. Fort* and *Virgil McKay* for appellant.

*John T. Barker,* Attorney-General, and *Ernest A. Green,* Assistant Attorney-General, for the State.

WILLIAMS, C.—Defendant was tried and convicted in the circuit court of Dunklin county upon an information charging him with the embezzlement of the

sum of $1100, belonging to one Baird, which said sum defendant is alleged to have received while acting as the agent of said Baird. The punishment was assessed at two years in the penitentiary, and defendant perfected an appeal.

I. The bill of exceptions directs the circuit clerk to copy the motion for a new trial, but the **Motion for** motion is neither copied in that part of **New Trial** the record designated as the bill of excep-**Not Set Out:** **Record Proper** tions nor in that portion of the transcript **for Review.** known as the record proper. There is therefore nothing before this court for review except the record proper.

II. The record proper fails to show that the jury was sworn to try the cause. It is well settled that the abstract of record proper must show that **No Showing** the jury was sworn to try the cause, and **That Jury** **Was Sworn.** that a failure to so show will compel a reversal and remanding of the case. [State v. Mitchell, 199 Mo. 105; State v. McKinney, 221 Mo. 467; Sec. 5231, R. S. 1909.] A full discussion of the foregoing proposition will be found in the above cited cases, and therefore further discussion of the same in this opinion becomes unnecessary.

The judgment is reversed and the cause remanded for new trial. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All the judges concur, except *Faris, J.,* who does not sit.