<div style="margin-left:2em">Remarks of Counsel.</div>

"Men, it would be a disgrace for you to acquit the defendant under the testimony."

We are unable to agree with the defendant on this point.   If the prosecutor believed that a crime was clearly proven, he had the right to tell the jury, as a matter of argument, that he believed that it would be a disgrace for them to acquit the defendant.

For the error of the trial court in giving instruction numbered "A" of its own motion, which commented upon the evidence in an unwarranted manner, we reverse the judgment and remand the cause for new trial.

*Faris, J.*, concurs in result and in all of opinion except paragraphs 2 and 5.   *Walker, J.*, concurs in all of opinion except paragraph 3 and dissents from the result announced.

---

THE STATE v. L. M. DUFF, Appellant.

Division Two, December 9, 1913.

1. **BURGLARY: Breaking: Circumstantial Evidence.**   It is not necessary to a conviction for an eyewitness to be present at every burglary.   That the defendant did the breaking or opening may be inferred from the circumstance that the outer door of the crib in which he was found at about two o'clock at night, was closed at ten o'clock of the same night, and was not afterwards seen to be open until defendant was found in the crib.

2. **EVIDENCE: Other Crimes.** Testimony by former deputy sheriffs of another county that several years before the commission of the burglary for which defendant is being tried they had occasion to arrest him upon a similar charge is incompetent and prejudicial, as is also a cross-examination of defendant by the prosecuting attorney as to his having been arrested upon that charge; yet if no objection was made to the testimony or to the cross-examination, or no proper objection was made, the judgment will not be reversed on account of those errors.

3. —————: —————: **Duty of Prosecuting Attorney.** It is the duty of the prosecuting attorney to see to it that the defendant has a fair and impartial trial, and that he is not convicted by incompetent testimony. He ought not to introduce testimony that is incompetent, or ask questions that are prejudicial and unfair.

4. **JUDGMENT: Guilty of Burglary: Sentenced for Larceny.** Where defendant was charged with both burglary and larceny, and was convicted of the burglary, but not of the larceny, a judgment reciting that he "stands charged with larceny and pleads not guilty as charged in the information" and is therefore sentenced to imprisonment for a term of two years, cannot stand, for defendant was not sentenced for the crime he was convicted, but for one he had not committed; but if no other reversible error appears in the case, the Supreme Court will only remand the cause to the trial court in order that defendant may be properly sentenced.

5. **JURY: Impaneled and Sworn: Not Shown by Record.** If it clearly appears that the jury was sworn to try the cause, the use of the word "sworn," or "duly sworn" or "duly impaneled and sworn" will be held to import a regular and legal oath. But where the transcript fails to show that the jury which tried defendant had been sworn, the verdict and sentence will be set aside. In this case the record nowhere shows that the trial jury was impaneled, or that the jury whose names it recites was sworn to try the case.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

REVERSED AND REMANDED.

*Lee B. Ewing* for appellant.

(1) This case should be reversed for the reason that the jury was not sworn to try this cause. They

were sworn touching their qualifications to sit as jurors in the case, but were not sworn and impaneled after their selection as jurors. State v. Mitchell, 199 Mo. 105; State v. McKinney, 221 Mo. 467; State v. Randolph, 139 Mo. App. 311; State v. Duncan, 237 Mo. 195; Lewis v. State, 51 Ala. 1; Harper v. State, 25 Ark. 83. (2) The court erred in permitting the prosecuting attorney to ask the defendant if he had not been arrested in Lawrence county, and if he had not been in jail down there. State v. Wigger, 196 Mo. 90. (3) The transcript of record in this cause does not show that the jury returned any verdict into court. (4) The final judgment in this cause does not show that appellant was convicted of any crime. If it is held that the judgment does show a conviction, it is for the crime of larceny. The verdict shows appellant was acquitted of larceny. The judgment it therefore erroneous. State v. Hesterly, 173 Mo. 43. (5) Appellant's demurrer to the testimony should have been sustained. Upon the whole evidence it is not shown that the barn and corncrib in question were broken into, much less that appellant broke into them. 3 Greenleaf on Evi. (14 Ed.), secs. 74-76; State v. Henderson, 212 Mo. 208; State v. Hecox, 83 Mo. 538; State v. Tutt, 73 Mo. 595.

*John T. Barker,* Attorney-General, and *Thomas J. Higgs,* Assistant Attorney-General, for the State.

(1) The verdict is certain, positive and free from all ambiguity. This is not general, but specifically states that the defendant is found guilty as to burglary and not guilty as to larceny. The form fulfills the requirements of this court. State v. Rowe, 142 Mo. 439. (2) A motion for a new trial which merely complains that "illegal and irrelevant" testimony was admitted is not sufficiently definite to induce the court to go through the record to search for erroneous rulings on the question of evidence. State v. Holden, 203 Mo. 284.

253 Mo. 27

"A motion for a new-trial must so definitely set out the reasons therefor as to direct the attention of the trial court to the precise error of which complaint is made." State v. Davis, 159 Mo. 534; State v. Brown, 168 Mo. 474. (3) On the other hand, a general clause in a motion for new trial was sufficient to preserve for review rulings upon specific objections made at the time of the admission or exclusion of the evidence. State v. Noland, 111 Mo. 492; State v. Barrington, 198 Mo. 76. (4) The only exceptions of material consequence occur first in the cross-examination of the defendant, when he was asked: "Did this man arrest you?" which he then denied; and second, in the testimony of Cherry, a witness for the State in rebuttal, wherein he testified that he had seen and arrested the defendant in Lawrence county, and a similar occurrence in the testimony of Brown, who was with Cherry in Lawrence county at the time. The defendant had testified to the fact as to where he had lived before he moved to his present address. The question as to where he had lived, therefore, had been brought out in direct examination, and the State in cross-examination of the defendant simply pursued this same line of questioning to a greater extent and detail. This was not a violation, therefore, of Sec. 5242, R. S. 1909. A wide range should be given to the cross-examination on any question mentioned in direct examination. 40 Cyc. 2509; State v. Avery, 113 Mo. 500; State v. Anderson, 126 Mo. 546; State v. Myers, 221 Mo. 612. The defendant had testified and had left the jury in total ignorance of the fact that he had practically been a rover, moving over the country roads from place to place. Certainly a witness cannot be allowed to testify to one certain fact as to where he has lived and as to what his associations have been, which would give the jury great respect for him in that particular, and then prevent the State from showing that a false impression had been left with the jury. (5) Again, the court should be reminded of the fact that

there was no exception nor objection to the question. There is a motion to strike from the record, but the reason therefor is not given and is general in its nature. The objections during all this part of the cross-examination of this defendant are general in their nature and do not once refer to the improper cross-examination of the defendant. Unless an objection be made and an exception saved to cross-examination of the defendant in regard to matters not called out in the examination in chief, the same would be waived. State v. McDonald, 8 Mo. 539; State v. Mills, 88 Mo. 417; State v. Turner, 110 Mo. 196.

FARIS, J.—From the conviction of defendant in the circuit court of Vernon county of the crime of burglary, wherewith, as also with larceny, he stood charged by an information, he has appealed to this court.

The jury found defendant guilty of burglary, but not guilty of larceny charged, and fixed his punishment at imprisonment in the penitentiary for a term of two years.

Since the facts are, in the view which we take of this case, not pertinent and not necessary to be stated in order that a complete understanding of the points in judgment may be had, we will not take space in reciting them further than to say that the burglary complained of consisted in the burglarious breaking and entering by defendant on the night of January 18, 1913, of a barn and corncrib belonging to or in the possession of one Claude T. Beedle, and situate in the county of Vernon.

The record entry as made by the clerk purporting to show the impaneling and swearing of the trial jury, is as follows:

Now on this day, this cause coming on for hearing, comes the plaintiff in person and by attorney, and comes the State of Missouri by J. B. Johnson, the duly elected and qualified prosecuting attorney of Vernon county, Missouri, the jury

being by the clerk sworn, and after the selection the follow-
ing good and lawful men of the body of the county are chosen
to try this cause are as follows, to-wit:    John Blotti, J. F.
Lang, J. M. Palmer, Frank Hereford, A. C. Ogier, Jim Dinnis,
Claud Hereford, O. B. Wallace, H. V. Swearingen, L. L. Cum-
mins, G. Lile and H. C. Lyons are chosen as jurors to try this
cause.

The sentence and judgment of the circuit court, as
shown by the record proper, certified to us by the clerk,
is as follows:

Now, at this day, comes the prosecuting attorney for the
State and also comes the defendant herein, in person, in
the custody of the sheriff of this county, and in the presence
of his attorney and counsel in open court, whereupon said
defendant is informed by the court that he stands charged
with larceny and pleads not guilty as charged in the informa-
tion, and being now asked by the court if he had any legal
cause to show why judgment should not be pronounced against
him according to law, and still failing to show such cause,
it is therefore sentenced, ordered and adjudged by the court,
that the said defendant, L. M. Duff, having plead not guilty
as aforesaid, be confined in the penitentiary of the State of
Missouri, for the period of two years from the 19th day of
February, 1913, and that the sheriff of this county, shall, with-
out delay, remove and safely convey the said defendant to the
said penitentiary, there to be kept, confined and treated in the
manner directed by law, and the warden of said penitentiary
is required to receive and safely keep him, the said defendant
in the penitentiary aforesaid, until the judgment and sentence
of the court herein be complied with or until the said de-
fendant shall be otherwise discharged by due course of law.
    It is further considered, ordered and adjudged by the
court, that the State have and recover of said defendant the
costs in this suit expended and that hereof execution issue
therefor.

Immediately, upon the conviction of defendant.
that is to say, on or about February 19, 1913, he was
incarcerated in the penitentiary, where he ever since
has been and now is.

· The above statement we deem sufficient, regard be-
ing had to the points which we are compelled by the
condition of the record before us to hold in judgment

here.  Should, however, other facts be necessary, they will be adverted to in the opinion.

I.  Learned counsel for appellant insists that there is not sufficient evidence of the breaking charged in the information to constitute the crime of burglary.  While this point is not necessary to a decision of this case, at this time, in the view which we take of it, it is perhaps well for us to say that in our view counsel is in error.  The testimony shows that the outer door of the crib in question, and in which defendant was found at about the hour of two o'clock on the night of January 18th, was closed at about the hour of ten o'clock on the identical night; that said door was not again seen by anyone until about the hour of two o'clock that night, at which time it was found to be open and defendant was himself found to be in the crib.  We think that this circumstance inevitably points to a breaking on the part of the defendant with such unerring certainty as to preclude any doubt thereof either in law, or in common sense.  If this were not so, it would, we think, become almost impossible to prove the crime of burglary.  When a witness swears that a door is closed or locked, or that a window is down or locked at a given hour; that subsequently and shortly thereafter a burglary occurs in the building or structure to which such door or window belongs, and that following the burglary, or following the larcenous or felonious entry, such door is found to be open, or the fastening broken, or such window is found to be open or the fastening thereon broken, the prima-facie conclusion which necessarily follows is that the one who committed the larceny or the felony within the premises also did the breaking or opening, and that such breaking or opening was done within the purview of our statute defining burglary, in order that ingress could be obtained.  Any other view, it seems to us, would make it necessary for

*Burglary:
Breaking.*

an eyewitness to be present at every burglary before a conviction would be possible. The point involves a well-known and well-settled phase of circumstantial evidence. This point is not involved in the case now, and we suggest and pass on it only that it may not get in the way hereafter.

II. Appellant also complains that upon the trial the court permitted the prosecuting attorney to cross-examine defendant as to his having been arrested some seven or eight years prior in Lawrence county upon

Testimony: Other Similar Offenses.

the charge of burglary and theft. Complaint is also made that C. J. Cherry and Will T. Brown were permitted to testify that while they lived in Lawrence county in the year 1904 and while acting as deputy sheriffs, they had occasion to arrest defendant and defendant's daughter, who, we may say in passing, was shot and killed while engaged as an accomplice of defendant in the alleged commission of the burglary here in issue. This arrest seems to have been, as somewhat obscurely and vaguely appears, upon the charge of burglary and larceny, arising in some way out of the theft of a load of wheat, whereof defendant, his deceased daughter and his entire family, were accused. While we are unable to see upon what theory this testimony was offered, except for the purpose of prejudicing defendant before the jury, and while we are unable to take any possible view, upon the facts here, which would make it competent (State v. Hess, 240 Mo. 147), yet in the one case no objection whatever was made to its reception, and in the other no proper objection. [State v. Colvin, 226 Mo. 446; State v. McKenzie, 228 Mo. 385.] It may well be that had a proper objection been interposed, or even a half-way proper objection, the learned trial court would have sustained the same. We will not therefore in this case convict the trial court of error for either permitting the wrongful cross-exam-

ination of defendant or for permitting Cherry and Brown to testify, as they did; *a fortiori,* since it must be reversed for other reasons. Questions so clearly incompetent, so verging upon unfairness and so hurtful withal ought not to be asked by any prosecuting attorney. It is the duty of this officer to see to it that the defendant shall have a fair and impartial trial, and that he shall not be convicted by incompetent evidence. [People v. Carr, 64 Mich. 702; People v. Derbert, 138 Cal. 467.] The attorney for the State owes a duty to the State to see that justice is meted out, and to the defendant, that he be given a fair and impartial trial; he cannot square these duties with the act of presuming upon or taking an advantage of his opponent's lack of information touching the technical details of the criminal law. There is much of respectable authority holding that while great allowance will be made by the courts for that zeal which is the natural growth from a hard-fought legal contest, yet if such zeal shall so outrun discretion as to trench upon unfair, oppressive and unjust methods, the court may on this ground alone reverse. [12 Cyc. 571, and cases cited.]

III. As we have stated in setting out the facts in this case, the defendant was by the verdict of the jury acquitted of the larceny charged and found guilty of

**Judgment.** burglary in the second degree. The record shows that when sentence was pronounced defendant was sentenced to the penitentiary, not for the burglary of which he had been convicted, but for larceny, to which the record of the sentence and judgment before us says, he pleaded not guilty. The inextricable confusion of this record renders it almost impossible to tell what was done by the court and gives color to the view that careless clerks are costly luxuries. Fully a third of the cases which we are called upon to reverse are reversed on account of bald errors in making up the record, which might have been avoided by the exercise of even a small amount of care.

Clearly there is no judgment here.  First, because it appears from the judgment before us, as the record shows it, that defendant was sentenced to the penitentiary for two years for larceny, a crime of which he was found not guilty, and, second, that this sentence was given him, not because he had been tried by a jury and found guilty of burglary, but because *he had pleaded not guilty* to the crime of grand larceny, for which he was sentenced, but of which he was found not guilty. Under the authority of State v. Kile, 231 Mo. 59, as well as other cases decided by this court, it will become our duty, if no other error appears, to reverse this case and remand it back to the Vernon Circuit Court in order that the defendant may be properly sentenced. This will be so, even if no error meet for reversal and remanding for a new trial shall be found by us.

IV.  It is insisted, however, that the order found in the record, and which purports to show the impaneling and swearing of the trial jury, is not sufficient to show such impaneling and swearing of this jury, or to show that the jury was ever sworn at all to try the case. A reference to this order, as we have set it out in the statement, will disclose that it nowhere shows that the trial jury was ever impaneled; nor does it show that the jury was sworn to try the case.  The manner of impaneling, examining upon their *voir dire,* of challenging and swearing a jury to try a criminal cause, is well known to the profession in this State. Part of the procedure is statutory, but some of it rests in practice, coming down to us, we take it, from the common law. Our statute as to the impaneling of jurors and the manner of rendering their verdicts in criminal cases provides that the same procedure shall prevail as is prescribed by the procedure in civil cases.  [Sec. 5229, R. S. 1909.]  We find, however, a paucity of prescription in our statute touching all these things when we turn to the provisions prescribing the details of jury trials

in civil cases. Our statute as to criminal procedure seems largely to take it for granted that the trial jury will be sworn to try the case, for we find it saying: *"The jury being impaneled and sworn,* the trial may proceed in the following order." [Sec. 5231, R. S. 1909.] The oath at common law, which was required to be administered to a trial jury of twelve, was somewhat formal (24 Cyc. 370; 12 Ency. Pl. & Prac. 523); from this formality we have drifted a long way, and have reached the very salutary view that if it appears clearly and not ambiguously that the jury was sworn to try the case, the use of the word "sworn," of the words "duly sworn," or of the words "duly impaneled and sworn," will be held to impart *ex vi termini* a regular and legal oath, even though the oath at common law or that prescribed by statute, where such is prescribed, has not been used. But on the other hand it has been uniformly held that where the transcript fails to show that the jury which tried the defendant had been sworn, the verdict and sentence will be set aside. [Johnson v. State, 47 Ala. 9; Lacey v. State, 58 Ala. 385; Harper v. State, 25 Ark. 83; Chiles v. State, 45 Ark. 143; State v. Calvert, 32 La. Ann. 224; Baird v. State, 38 Tex. 599; McHenry v. State, 14 Tex, App. 209; State v. Mitchell, 199 Mo. 105; State v. McKinney, 221 Mo. 467; State v. Duncan, 237 Mo. 195.] "In criminal cases," says 24 Cyc. 369, "it is absolutely essential to the validity of the proceedings that the jury should be sworn and that this fact should affirmatively appear from the record."

In the case of State v. Mitchell, supra, GANTT,, J., delivering the opinion of this court, touching the identical point in question, said:

"The sole error upon which a reversal is sought is that the record upon its face discloses that the jury which tried and convicted defendant was not sworn to try the cause and a true verdict render according to the law and the evidence. . . . As it is everywhere

held that the record proper in a criminal appeal must show that the jury *was sworn to try the cause* and thus record fails to do so, the judgment must be reversed and the cause remanded for a new trial.''

In the case of State v. McKinney, supra, BURGESS, J., held, touching this point, even stronger language, as note the following:

''Among the first things required by the statute to be done in the trial of a criminal case before a jury is that the jury be impaneled and sworn. This same question underwent full consideration, and the authorities were extensively reviewed by GANTT, J., in the recent case of State v. Mitchell, 199 Mo. 105, in which case it is held that if the record proper in a criminal case fails to show that the jury was sworn to try the cause, the judgment will be reversed and the cause remanded. That case is decisive of the case at bar, and leaves nothing further to be said upon the subject. The judgment is reversed, and the cause remanded.''

It is true that the word ''sworn'' is used in this order as copied in the record by the clerk, but all lawyers know the facts to which we above advert as to the manner of impaneling a jury in a felony case, and that in selecting and impaneling such jury and prior to an examination of them upon their *voir dire*, they are sworn to answer questions. The record entry before us avers that they were sworn, but this swearing, by the language used in the record, occurred prior to the selecting of the jury. If we say that the word ''selection'' as used by the clerk, is equivalent to impaneling and examining upon their *voir dire*, then they were not sworn at all to try the cause. If we say that the clerk means that they were sworn after selection, then they were not impaneled, examined upon their *voir dire*, or an opportunity given for challenging them either for cause or peremptorily; in other words, they were not impaneled, nor any words from which we might presume a proper selection of them shown by this record.

We simply say that this record does not show. even. haltingly that the trial jury was sworn to try the case which resulted in the conviction of this defendant. We concede that it is difficult to tell what this record, taking it by and large, does actually mean; we have never seen one like it and may be pardoned therefore for being entirely at sea as to either the genus or species of it.

It results, therefore, for the error noted, that this case should be reversed and remanded for a new trial in accordance with these views.

*Brown, P. J.,* and *Walker, J.,* concur.