Donald M. GREEN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10901.

Missouri Court of Appeals,
Southern District,
Division Three.

May 9, 1979.

Ralph R. Bloodworth, Jr., R. Randy Bloodworth, Poplar Bluff, for movant-appellant.

John D. Ashcroft, Atty. Gen., Steven Scott Clark, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Movant was charged by information, in the circuit court of Butler County, in case

CR–2279–76, with the crime of burglary. The particulars of the charge, as shown by the information filed here as part of the transcript, where that movant did, on August 11, 1975, forcibly break into and enter the dwelling house of James Greer, with the felonious intent to steal, take and carry away certain personal property of James Greer that was kept in his dwelling house.

On July 27, 1976, movant appeared before the trial court. The court recited the case number CR–2279–76, but instead of informing the movant regarding the house burglary charge, read to the defendant a charge of stealing a motor vehicle, the verbatim language used by the court being as follows: "THE COURT: This is CR–2279–76, *State of Missouri vs. Donald Green.* Your name is Donald Green? A. Yes, sir. Q. Mr. Green, an Information has been filed in this court by the Prosecuting Attorney of this County which reads as follows: Ernie J. Richardson, Prosecuting Attorney in and for the County of Butler, in the State of Missouri, upon his official oath of office informs the court and charges the facts to be that the defendant, Donald Green, at and in the County of Butler and the State of Missouri, and on or about the 20th day of March, A.D.1976, did wilfully, and unlawfully and feloniously steal, take and carry away the goods, wares, chattels, and personal property of Buren Ponder, to wit: a 1962 Chevrolet Sedan, VIN number 218695183981, with the felonious intent then and there to steal and to permanently deprive the owner of the use thereof and convert the same to his own use, and without the consent of Buren Ponder, and against the peace and dignity of the State.

Before you respond to that charge, it is my duty to advise you that under the laws of this State that you are entitled to a trial by a jury, if you wish to have one. You also have the right to meet and be confronted by· the State's witnesses; hear their sworn testimony and have these witnesses cross examined by your attorney and while they are under oath and in your presence and during a trial. You also have the right to remain silent in order to avoid self incrimination, and if you elect to remain si-

lent the Court will enter a plea of not guilty for you and you will be afforded a jury trial. Upon a trial by a jury the burden would rest with the State, represented by the Prosecuting Attorney to prove that you are guilty of this charge beyond a reasonable doubt before you can be found guilty. In order to do that the State would have to convince all twelve members of the jury panel that you are guilty beyond a reasonable doubt before they could convict or assess any punishment against you. During the trial of the case you would be given the opportunity to testify on your own behalf if you wished to do so. If you wished after advice of counsel to not take the witness stand to testify you would not be required to do so. If you decided that you did not wish to testify the Prosecuting Attorney could not mention it during the trial of the case and nothing could be said about it, or any inference drawn from it, because you refused to testify. You also have at your disposal all of the powers of the State to subpoena any witnesses that you might want to have to testify in your behalf. Of course this Court has appointed a lawyer for you having found that you were indigent and you would be under no obligation as an attorney is concerned as far as the subpoenaing of witnesses and all other means of discovery to prepare your case for trial. If you are found guilty of this charge, or if you should decide to plead guilty to the charge, the law fixes the punishment at a range from two to ten years in the Missouri Department of Corrections, and the jury would be instructed that if they did find you guilty to fix your punishment within that range from two to ten. And of course they would further be instructed if they found you not guilty that they would return a verdict so indicating and there would be no punishment assessed at all.

First, I would like to ask you if you understand the charge against you? A. Yes, sir. Q. Do you have any questions concerning that charge? A. No, sir. Q. Do you understand the various rights that you have as outlined by the court? A. Yes,

sir. Q. Do you have any questions concerning those rights? A. No, sir. Q. Do you understand the punishment range? A. Yes, sir. Q. Do you have any questions concerning that? A. No, sir. Q. Do you have any questions concerning anything? A. No, sir. Q. Do you have anything at this point that you want to ask about, or anything that I have said or read that you do not understand? A. No, sir sir. Q. Then you may respond to the charge that I read to you by entering a plea of guilty, a plea of not guilty, or you remain silent; what do you wish to do? A. Plead guilty."

The trial judge then asked the prosecuting attorney to make a statement concerning the charge, which statement was as follows: "Q. Do you have a statement to make? MR. RICHARDSON: The State stands ready to prove all the allegations contained in the Information. On that date alleged the Greer home was forcibly broken into and was severely damaged and several items were taken including some guns. Sometime later, I believe several weeks later this defendant was in jail on another charge and this defendant made a statement to a deputy sheriff and to me that he and two other men on that date drove to the Greer home and that he and one of the other two men broke in the stole thise (sic) items and transported them to St. Louis where they sold them to a fence in St. Louis. Q. Is that all? MR. RICHARDSON: Yes, sir." This statement referred to the burglary charge.

The trial court then accepted the guilty plea, and sentenced movant to a term of ten years in the custody of the Missouri Department of Corrections. The certified copy of sentence and judgment on the plea of guilty, filed with the transcript here, shows a sentence of ten years after a plea of guilty to a charge of burglary, when in truth and in fact, movant entered a plea of guilty to an unrelated charge of stealing. Movant was then confined in the Missouri State Penitentiary as a result of his sentence.

On April 22, 1977, the indigent movant, pro se, filed a motion to vacate judgment and sentence under Rule 27.26, V.A.M.R. As grounds for the motion, movant alleged, a) that his right to effective assistance of counsel was violated by reason of counsel's failure to conduct a pretrial investigation, and b) that he was induced to plead guilty because of fear of further punishment from the jailer of Butler County, and the false promises of his court appointed counsel. The trial judge was then disqualified by movant, and a successor trial judge was appointed to hear the motion. On September 20, 1977, the successor trial judge summarily overruled the motion without notice or hearing. On September 29, 1977, movant filed a motion for new trial. The motion alleged that, 1) the verdict was contrary to law, 2) the verdict was contrary to evidence that would have been presented, 3) that the court erred in overruling the motion without allowing movant to present evidence on his claims of ineffective assistance of counsel and a plea induced by fear of the jailer and by the false promises of his attorney, and 4) that the court erred in overruling the motion without affording defendant notice or the opportunity for a hearing. The trial court did not rule on the motion, which failure to rule, in effect, overruled the motion after the passage of 90 days from the date the motion was filed. Rule 27.20(b), V.A.M.R.

Movant then appealed to this court. Movant raises two points on appeal, which are, 1) that the trial court erred in overruling his 27.26 motion without affording him a hearing, and 2) that his plea of guilty was not voluntarily and understandingly made, and was therefore void. In regard to point one, we conclude that the trial court did not err in summarily overruling movant's 27.26 motion without an evidentiary hearing, *on the basis of what had been presented to it,* for the reason that, as correctly decided by the trial court, movant's claims of ineffective assistance of counsel and an induced plea of guilty were clearly refuted by the record of the trial court, which was made at the time he entered his plea. In regard to point two, respondent contends that since movant

failed to state this ground in either his 27.26 motion, or in his motion for new trial, he cannot raise it for the first time on appeal, *State v. McNeal*, 539 S.W.2d 722, 725 (Mo. App.1976) and, therefore, we should not consider defendant's allegations that his guilty plea was not voluntarily and understandingly made. While appellate review of matters of this type is ordinarily limited to a determination of whether or not the findings, conclusions and judgment of the trial court are clearly erroneous, Rule 27.-26(j), V.A.M.R., we believe, under the facts of this case, that movant is entitled to relief, and therefore review his claim under the doctrine of plain error, in order to prevent manifest injustice. Rule 84.13(c), V.A. M.R. This is consistent with the "sole purpose" of Rule 27.26, which " 'is to determine whether defendant's original trial was violative of any constitutional requirements or *if the judgment was otherwise void'* ", *Fields v. State*, 572 S.W.2d 477, 480 (Mo. banc 1978), (emphasis ours).

It is evident from the record that movant was arraigned on, and entered a plea of guilty to, a charge of stealing a motor vehicle, §§ 560.156 and 560.161, RSMo 1969, V.A.M.S., but was sentenced for the crime of burglary in the first degree, § 560.040, RSMo 1969, V.A.M.S. It is difficult, if not impossible, to determine from the record why this procedure was followed. We can only speculate that since the transcript indicates that there were three felony charges pending against movant in Butler County, one of which was for burglary and one of which was for auto theft, that a clerical mix-up occurred, whereby the clerk had mistakenly put the auto theft charge information in the burglary charge file, which was then inadvertently read to movant by the trial judge at the time of arraignment.

■ However, regardless of what caused the error, the judgment must be vacated, as the judgment, sentence and commitment are void. A person cannot be convicted on one charge and be legally sentenced on another charge. See *LaGore v. Ramsey*, 126 S.W.2d 1153, 1154 (Mo. banc 1939) (convicted of assault with intent to rob, sentenced for robbery in the first degree); *State v. Duff*, 253 Mo. 415, 424, 161 S.W. 683, 685 (1913) (convicted of burglary, sentenced for larceny); and *State v. Goodwin*, 217 S.W. 264, 266 (Mo.1919) (convicted for permitting a female under 18 years of age to remain in a bawdyhouse, sentenced for running a bawdyhouse).

■ Rule 25.04, V.A.M.R. states, in part, "Arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto. A defendant may plead not guilty or guilty. The court may refuse to accept a plea of guilty, *and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge* . . ." (emphasis ours). This rule merely codifies what has long been the law of the state of Missouri. See *State v. Williams*, 361 S.W.2d 772, 775 (Mo. banc 1962), and cases cited therein. The rule does not require a perfect plea record, but it does require that a defendant understand the nature of the charges against him before entering his plea. *Fisk v. State*, 515 S.W.2d 865, 868–869 (Mo.App.1974).

There is nothing in the record to even intimate that the trial court or counsel intentionally misled movant in any respect, and it appears to us that the mistake, in accepting a plea of guilty from movant on a charge of stealing and then sentencing him for the crime of burglary, was accidental and not intentional. Further, had movant presented the precise question before us here to the trial court when he filed his motion to vacate, undoubtedly the confusion existing in the record could, and would, have been dissipated at that level. Nevertheless, the error must be corrected, because movant could not have understood that he was pleading guilty to a charge of burglary, as such a charge was not read and explained to him at the time he entered his plea, and he should not have been sentenced for the crime of burglary, because he had not entered a plea of guilty to such a charge.

Rule 27.26(i), V.A.M.R., provides that if the trial court, after reviewing a motion to vacate, set aside, or correct sentence, finds that the sentence imposed was illegal, or otherwise subject to collateral attack, then it should vacate and set aside the judgment, and should either discharge the prisoner, re-sentence him, grant him a new trial, or correct the sentence, as may appear appropriate.

We are of the opinion that the trial court should set aside movant's sentence in this case as the judgment, sentence and commitment are void for the reasons stated above. However, before doing so, the trial court should have the benefit of proper pleadings filed by movant in order to make such a determination, based on the facts and allegations properly before it. The cause is remanded to the trial court with instructions that the trial court set aside its order overruling movant's motion to vacate judgment and sentence, that it appoint counsel to represent the indigent movant, who shall amend movant's pro se motion in order to state factually the basis for claimed relief that movant has raised here for the first time, that the trial court determine whether, on the basis of said amended motion, an evidentiary hearing is required to dispose of the troublesome questions raised here, and that it make such appropriate orders as are necessary, after reviewing the amended motion. By utilizing such a procedure, at the trial court level, it is hoped that finality in the post conviction aspect of this case can be achieved, without a prolonged, cumbersome, repetitive post-conviction process. *Fields v. State*, supra, at 483.

The judgment is reversed and the cause remanded for appointment of counsel, an opportunity to amend the motion to vacate, and further proceedings consistent with this opinion.

FLANIGAN, C. J., BILLINGS and MAUS, JJ., concur.